UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| LORINA ALVAREZ, for herself and others similarly situated,<br><br>v.<br><br>ADDUS HOMECARE, INC. and OPTIONS SERVICES, INC. | CASE NO. 2:19-cv-235 |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Options Services, Inc. (Options) failed to pay Lorina Alvarez (Alvarez) and other workers like her, overtime as required by both New Mexico and federal law.

2. Instead, Options paid Alvarez, and other workers like her, the same hourly rate for all hours worked, including those over 40 in a workweek.

3. Addus Homecare, Inc. (Addus) took over Options' business and is its successor, but did not pay Alvarez or any other the other workers like her the unpaid overtime it knew they were owed.

4. Alvarez brings this class and collective action to recover unpaid overtime and other damages owed to herself and others similarly situated.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over the state law claims because they arise from a common nucleus of relevant facts along with the federal claim alleged.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District and Division.

8. Alvarez worked for Defendants in this District and Division.

9. Options maintained several offices in this District.

10. Addus maintains several offices in this District.

## PARTIES

11. Alvarez was an hourly employee of Options. Her written consent is attached.

12. Options operates under the name Options Home Care. *See* www.optionsservices.net.

13. It provides in-home care services in locations across New Mexico and has offices in Texas as well. www.optionsservices.net/Contact-Us/Locations.

14. Options may be served with process by serving its registered agent.

15. Addus is one of the largest home health care providers in the United States. www.addus.com/about.html. It is a publicly traded corporation with the ticker: ADUS.

16. It maintains offices in many states across the country. www.addus.com/locations.html.

17. Addus may be served with process by serving its registered agent.

## FACTS

18. Options provides in-home health care services to its clients.

19. Options' gross revenues have exceeded $7,000,000 in each of the past 3 years.

20. Options' employees routinely use, handle, sell, or work on vehicles, cleaning supplies, telephones, and medical equipment that were produced for interstate commerce or actually traveled in interstate commerce.

21. Options is a "covered enterprise" subject to the requirements of the Fair Labor Standards Act (FLSA).

22. Addus provides in-home health care services to its clients.

23. It acquired Options, assets and liabilities, in 2017 in late 2017.

24. Addus' gross revenues have exceeded $100,000,000 in each of the past 3 years.

25. Addus' employees routinely use, handle, sell, or work on vehicles, cleaning supplies, telephones, and medical equipment that were produced for interstate commerce or actually traveled in interstate commerce.

26. Addus is a "covered enterprise" subject to the requirements of the FLSA.

27. Alvarez was an hourly employee of Options.

28. Alvarez was hired around June 2013.

29. Alvarez was hired as a caregiver to provide assistant to invalid patients.

30. Alvarez is still employed by Options as a home health nurse.

31. Since her employment began, Options has paid Alvarez by the hour.

32. Options originally paid Alvarez $8.50 per hour for hours worked.

33. Alvarez typically worked 44 hours a week.

34. But when she worked (for example) 44 hours in a week, Options paid at the same hourly rate ($8.50) for all the hours she worked, including her overtime hours.

35. Because she was paid by the hour, Alvarez reported her hours to Options.

36. Options can readily determine the hours Alvarez worked each week from its records.

37. Despite knowing Alvarez was regularly working overtime, Options did not pay her overtime.

38. Instead, Options simply paid the applicable straight time rate without any overtime premium whatsoever.

39. Thus, rather than receiving time and half as required by the FLSA and New Mexico law, Alvarez only received "straight time" pay for the overtime hours she worked.

40. This "straight time for overtime" payment scheme violates the FLSA and New Mexico law.

41. Just as Options maintained records of the hours Alvarez worked, it maintained records of the hours worked of the other employees like her.

42. Options knew the FLSA required it to pay overtime to workers like Alvarez.

43. As a member of the home health care industry, Options knew the extension of FLSA overtime rights to workers like Alvarez was coming long before it took effect.

44. Options nonetheless failed to pay certain hourly employees, such as Alvarez, overtime.

45. Options paid Alvarez this way until late 2017 when Addus took over Options.

46. Options' failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA and the New Mexico Minimum Wage Act (NMMWA).

47. Addus knew Options failed to pay overtime as required by the FLSA and NMMWA.

48. Addus nonetheless failed to pay Alvarez and the workers like her for any of the overtime worked in the past.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

49. Options' illegal "straight time for overtime" policies extends beyond Alvarez.

50. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in the FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

51. Options paid dozens of hourly workers according to the same, common, unlawful scheme.

52. Most, if not all, of these workers (which total more than 100) worked in New Mexico.

53. Alvarez's claims are typical of the other hourly workers impacted by the Options' "straight time for overtime" scheme because they arise from the application of the identical pay policy.

54. All of the hourly workers similar to Alvarez are owed overtime for precisely the same reasons she is.

55. Any differences in job duties do not detract from the fact that all these hourly workers were entitled to overtime pay.

56. Moreover, as described in this Complaint, Addus is liable to these workers for precisely the same reason it is liable to Alvarez.

57. The workers impacted by Options' "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

58. Therefore, the class is properly defined as:

> **All hourly employees of Options who were, at any point in the past 3 years, paid "straight time" for any overtime hours worked.**

59. Alvarez further seeks certification of a class under Fed. R. Civ. P. 23 to remedy Options' and Addus' violations of the NMMWA.

60. The class of similarly situated employees sought to be certified as a class action under the NMMWA is defined as:

> **All hourly employees of Options in New Mexico who were, at any point in the past 3 years, paid "straight time" for any overtime hours worked.**

## CAUSES OF ACTION

61. By failing to pay Alvarez and those similarly situated to her overtime at one-and-one-half times their regular rates, Options violated the FLSA's overtime provisions.

62. Options owes Alvarez and those similarly situated to her the difference between the rate actually paid and the proper overtime rate.

63. Because Options knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Options owes these wages for at least the past three years.

64. Options is liable to Alvarez and those similarly situated to her for an amount equal to all unpaid overtime wages as liquidated damages.

65. Addus, as Options' successor, is liable for Options' liability to Alvarez and those similarly situated to her.

66. Alvarez and those similarly situated to her are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

67. Similarly, by failing to pay Alvarez and those similarly situated to her overtime at one-and-one-half times their regular rates, Options violated the NMMWA's overtime provisions (NMMWA § 50-4-22).

68. Options and Addus are subject to the requirements of the NMMWA.

69. Options employed Alvarez and each member of the New Mexico Class as an "employee" within the meaning of the NMMWA.

70. The NMMWA requires employers to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week.

71. Alvarez and each member of the New Mexico Class are entitled to overtime pay under the NMMWA.

72. Alvarez and each member of the New Mexico Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, liquidated damages, treble damages, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper from Defendants.

73. Alvarez and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the NMMWA.

**PRAYER**

74. Alvarez prays for relief as follows:

   a) An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

   b) An order certifying the New Mexico Class as a class action under Rule 23;

   c) Judgment awarding Alvarez and those similarly situated to her all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

   d) Judgment awarding Alvarez and the New Mexico Class overtime for all worked performed in excess of 40 hours in a workweek, liquidated damages, treble damages, prejudgment interest, all available penalty wages available under the NMMWA;

   e) An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   f) All such other and further relief to which Alvarez and those similarly situated to her may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: */s/ Rex Burch*
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
S.D. Tex. No. 21615
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com

**JOSEPHSON DUNLAP**
Michael A. Josephson
State Bar No. 24014780
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-351-1100 – Telephone

## CONSENT TO JOIN WAGE CLAIM

Print Name: Lorina K. Alvarez

1. I hereby consent to participate in a collective action lawsuit against **Addus HomeCare Inc. / Options Home Care** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: *[DocuSigned by: Lorina K. Alvarez — 75D36945E6BB417]*