IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

| | |
|---|---|
| LORINA ALVAREZ, for herself and others similarly situated, § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. 1:19-CV-00325-JHR-JFR |
| § § | |
| ADDUS HOMECARE, INC. and OPTIONS SERVICES, INC., § § § | |
| Defendant. § | |

### DEFENDANTS' ANSWER AND DEFENSES
### TO PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT

Defendants Addus HomeCare, Inc.[1] ("Addus") and Options Services, Inc. ("Options") (collectively, "Defendants"), answer the Class and Collective Action Complaint (the "Complaint") filed by Plaintiff Lorina Alvarez ("Plaintiff") as follows:

### SUMMARY

1. Defendants deny the allegations in paragraph 1 of the Complaint

2. Defendants deny the allegations in paragraph 2 of the Complaint.

3. Defendants deny the allegations in paragraph 3 of the Complaint.

4. Defendants admit that Plaintiff purports to pursue a class and collective action but deny that Plaintiff is entitled to such or any relief. Defendants deny any and all remaining allegations in paragraph 4 of the Complaint.

---

[1] Addus HomeCare, Inc. does not exist as an entity. Addus HealthCare, Inc. is an entity.

## JURISDICTION AND VENUE

5. The allegations in paragraph 5 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that jurisdiction is proper in this Court.

6. The allegations in paragraph 6 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that jurisdiction is proper in this Court.

7. The allegations in paragraph 7 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this Court.

8. Defendants admit that Plaintiff worked for Options. Defendants deny any and all remaining allegations in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

## PARTIES

11. Defendants admit Plaintiff was an employee of Options. Defendants admit that Plaintiff's written consent to this action appears to be attached to the Complaint.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants admit the allegations in paragraph 13 of the Complaint.

14. Defendants admit the allegations in paragraph 14 of the Complaint.

15. Defendants admit the allegations in paragraph 15 of the Complaint.

16. Defendants admit Addus has offices in several states. Defendants deny any and all remaining allegations in paragraph 16 of the Complaint.

17. Defendants admit the allegations in paragraph 17 of the Complaint.

## FACTS

18. Defendants admit the allegations in paragraph 18 of the Complaint.

19. Defendants admit that Options had more than $500,000 in gross sales during the relevant period. Defendants deny any and all remaining allegations in paragraph 19 of the Complaint.

20. Defendants admit that Options' employees use supplies and equipment that traveled in interstate commerce. Defendants deny any and all remaining allegations in paragraph 20 of the Complaint.

21. The allegations in paragraph 21 of the Complaint state a legal conclusion to which no response is required.

22. Defendants admit the allegations in paragraph 22 of the Complaint.

23. Defendants admit Addus acquired Options in 2017. Defendants deny any and all remaining allegations in paragraph 23 of the Complaint.

24. Defendants admit that Addus had more than $500,000 in gross sales during the relevant period. Defendants deny any and all allegations in paragraph 24 of the Complaint.

25. Defendants admit that Addus' employees use supplies and equipment that traveled in interstate commerce. Defendants deny any and all remaining allegations in paragraph 25 of the Complaint.

26. The allegations in paragraph 26 of the Complaint state a legal conclusion to which no response is required.

27. Defendants admit the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants admit Options hired Plaintiff as a caregiver. Defendants deny any and all remaining allegations in paragraph 29 of the Complaint.

30. Defendants admit Plaintiff is employed by Options. Defendants deny any and all remaining allegations in paragraph 30 of the Complaint.

31. Defendants admit the allegations in paragraph 31 of the Complaint.

32. Defendants admit the allegations in paragraph 32 of the Complaint.

33. Defendants admit that Plaintiff sometimes reported 44 hours of work in a week. Defendants deny any and all remaining allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants admits Plaintiff was paid by the hour by Options. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35 of the Complaint.

36. Defendants admit that Options has a record of the hours Plaintiff reported she worked. Defendants deny any and all remaining allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding unnamed individuals. Defendants deny any and all remaining allegations in paragraph 41 of the Complaint.

42. Defendants admit that Options paid overtime to Plaintiff as required by the FLSA. Defendants deny any and all remaining allegations in paragraph 42 of the Complaint.

43. Defendants admit that Options paid overtime to Plaintiff as required by the FLSA. Defendants deny any and all remaining allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. The allegations in paragraph 50 of the Complaint state a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants admit Plaintiff worked in New Mexico. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding unnamed individuals. Defendants deny any and all remaining allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants admit that Plaintiff purports to pursue a class action but deny that Plaintiff is entitled to such or any relief.  Defendants deny any and all remaining allegations in paragraph 59 of the Complaint.

60. Defendants admit that Plaintiff purports to pursue a class action but deny that Plaintiff is entitled to such or any relief.  Defendants deny any and all remaining allegations in paragraph 60 of the Complaint.

## CAUSES OF ACTION

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. The allegations in paragraph 68 of the Complaint state a legal conclusion to which no response is required.

69.     The allegations in paragraph 69 of the Complaint state a legal conclusion to which no response is required.  Furthermore, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding unnamed individuals.  Defendants deny any and all remaining allegations in paragraph 69 of the Complaint.

70.     The allegations in paragraph 70 of the Complaint state a legal conclusion to which no response is required.

71.     Defendants deny the allegations in paragraph 71 of the Complaint.

72.     Defendants admit that Plaintiff purports to pursue a class action but deny that Plaintiff is entitled to such or any relief.  Defendants deny any and all remaining allegations in paragraph 72 of the Complaint.

73.     Defendants admit that Plaintiff purports to pursue a class action but deny that Plaintiff is entitled to such or any relief.  Defendants deny any and all remaining allegations in paragraph 73 of the Complaint.

## PRAYER

74.     Defendants admit that Plaintiff seeks the relief requested in the "Prayer" section of the Complaint but deny that Plaintiff is entitled to such or any relief.  Defendants further deny any and all allegations in subsections a. – f. of the "Prayer" section of the Complaint.

Defendants deny all allegations not specifically admitted herein.

## DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendants and are Plaintiff's burden to prove:

1.   Plaintiff failed to state a claim upon which relief may be granted.

2.   Plaintiff was properly compensated in accordance with the FLSA, NMMWA, and all applicable law.

3.   Without assuming the burden of proof or admitting to violating any statute, any alleged violation of the FLSA by Defendants were not willful, and therefore Plaintiff's claims are limited to a two-year limitations period calculated from the date Plaintiff filed suit, or from the date any future plaintiff files his or her written consent to join this action.

4.   Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, including, but not limited to, 29 U.S.C. § 255 and N.M. Stat. § 37-1-5.

5.   Plaintiff's claims for time allegedly worked by him without Defendants' actual or constructive knowledge are barred.

6.   Plaintiff is not entitled to recover for non-compensable time.

7.   Plaintiff may not recover for time that is *de minimis*.

8.   Plaintiff may not obtain relief for preliminary and postliminary acts under the Portal-to-Portal Act.

9.   Defendants are entitled to an offset against any amounts due equal to the amount Defendants overpaid Plaintiff and for other amounts paid to Plaintiff.

10.   Plaintiff may not maintain this action as a collective action under 29 U.S.C. § 216 because she is not similarly situated to any other employee for purposes of the allegations and claims made in this lawsuit.

11.   Plaintiff is an inadequate class representative because of the highly fact-specific and individualized nature of the claims in the Complaint.

12. Plaintiff cannot meet the prerequisites for class certification under Rule 23 of the Federal Rules of Civil Procedure.

13. Plaintiff cannot meet the requirements of Rule 23(a)(1) because she cannot show that she represents a class sufficiently numerous to warrant class treatment, or that joinder is impracticable.

14. Plaintiff cannot meet the basic criteria of Rule 23(a)(2) and (3) because she cannot show that there are questions of law or fact common to the members of the class or that her claims are typical of the claims of the putative class.

15. Plaintiff cannot satisfy the requirements of Rule 23(a)(4) for class representation because she cannot show she will adequately represent and protect the interest of the putative class.

16. To the extent Plaintiff seeks to certify a class pursuant to Rule 23(b)(3), Defendants contend that questions of law or fact which are common to class members do not predominate over questions effecting individual members and that class action treatment is not superior to the available methods for the fair and efficient adjudication of the controversy.

17. Defendants assert the above defenses to the claims of all opt-in plaintiffs.

18. Defendants presently have insufficient knowledge or information from which to form a belief as to whether it may have additional affirmative or other defenses available. Defendants reserve the right to amend and add additional defenses as deemed necessary and as permitted by the Court.

## **PRAYER**

     For the foregoing reasons, Defendants request that Plaintiff's Class and Collective Action Complaint be dismissed with prejudice and that Defendants be awarded their costs, attorneys' fees, and such other and further relief, at law or in equity, to which they are justly entitled.

Respectfully submitted,

*/s/ John B. Brown*
John B. Brown
Texas Bar No. 00793412
john.brown@ogletreedeakins.com
Jeremy W. Hays
Texas Bar No. 24083156
jeremy.hays@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Preston Commons, Suite 500
8117 Preston Road
Dallas, Texas  75225
Telephone: 214-987-3800
Facsimile:  214-987-3926

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

This is to certify that on May 21, 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following counsel for Plaintiff, ECF registrants:

Richard (Rex) Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas  77046
rburch@brucknerburch.com

Michael A. Josephson
JOSEPHSON DUNLAP
Greenway Plaza, Suite 3050
Houston, Texas  77046
mjosephson@mybackwages.com

*/s/ John B. Brown*
John B. Brown